**FILED**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MAR 18 2015

EUGENE R. WEDOFF,
BANKRUPTCY JUDGE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Case No. 11 B 38693 |
| **DAVID L. WHEELER** | ) | |
| | ) | |
| | ) | |
| | ) | Chapter 7 |
| **Debtor.** | ) | |
| | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER GRANTING APPLICATION OF ALLAN J. DEMARS, ATTORNEY FOR TRUSTEE, FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $3,135.00 | TOTAL COSTS REQUESTED: | $0.00 |
| TOTAL FEES REDUCED: | $413.25 | TOTAL COSTS REDUCED: | $0.00 |
| TOTAL FEES ALLOWED: | $2,721.75 | TOTAL COSTS ALLOWED: | $0.00 |

**TOTAL FEES AND COSTS ALLOWED: $2,721.75**

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

**(2)    Unreasonable Time**

The Court denies the allowance in part of compensation for the following task since the professional or paraprofessional expended an unreasonable amount of time on this task in light of the nature of the task, the experience and knowledge of the professional performing the task, and the amount of time previously expended by the professional or another on the task. *In re Pettibone,* 74 B.R. 293, 306 (Bankr. N.D. Ill. 1987) ("The Court will determine what is the reasonable amount of time an attorney should have to spend on a given project... An attorney should not be rewarded for inefficiency. Similarly, attorneys will not be fully compensated for spending an unreasonable number of hours on activities of little benefit to the estate."); *In re Wildman,* 72 B.R. 700, 713 (Bankr. N.D. Ill. 1987) (same).

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case. *In re Wildman,* 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.,* 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (compensation limited to 5%). *See also In re Pettibone Corp.,* 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (citing *Coulter v. State of Tennessee,* 805 F.2d 146, 151 (6th Cir. 1986) (in non-bankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

**(7)    Lumping**

The Court may impose a ten percent penalty for "lumping." *In re Wildman,* 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. [citation omitted]. Each type of service should be listed with the corresponding specific time allotment.").

**(12)     Clerical Work Not Compensable**

The court disallows the compensation of clerical or stenographic employees of the professional for the performance of routine clerical or administrative activities in the normal course of the professional's business, such as photocopying, secretarial work, or routine filing.  Such activities are not in the nature of professional services and must be absorbed by the applicant's firm as an overhead expense. *In re Dimas, LLC*, 357 B.R. 563, 577 (Bankr. N.D. Cal. 2006) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)). *See also In re Chellino*, 209 B.R. 106, 114 (Bankr. C.D. Ill. 1996) (Paralegal, but not "clerk" services entitled to compensation at an hourly rate; clerk activities are overhead of the professional); *Souza v. Miguel*, 32 F.3d 1370, 1375 (9th Cir. 1994) (Trustee not entitled to reimbursement or compensation of overhead expenses such as secretarial, stenographic, clerical, and routine messenger services).

Dated:  March 18, 2015

Eugene R. Wedoff
United States Bankruptcy Judge

| | | | |
|---|---|---|---|
| October 28 | Hearing on Motion to re-open case | .70 | 332.50 |
| November 3 | Preparation and electronic filing of Notice of Motion, Motion to employ counsel, Affidavit of Disinterestedness and proposed Order; to be presented November 25 | .70 | 332.50 _-33.25_ |
| | Preparation and electronic filing of Notice of Motion, service list, Motion for authority to confirm settlement and proposed Order; to be presented November 25 | 1.00 | 475.00 _-47.50_ |
| November 25 | Hearing on Motion to Employ and Motion to Confirm Settlement | . 70 | 332.50 |
| December 2 | Multiple conversations with atty Doug Grubbs, Britny Davis, claims administrator; Review and execution of Release | .50 | 237.50 |
| | Letter to Doug Grubbs with instructions to deduct $101,480.06 (authorized fees and expenses) and remit balance to trustee | .50 | 237.50 |

2015

| | | | |
|---|---|---|---|
| February 6 | Preparation of Fee Application and Exhibit | 1.00 | 475.00 _-332.50_ |

TOTAL HOURS EXPENDED                                                    6.60
ATTORNEY'S FEES REQUESTED                                                      $3,135.00

_-413.25_